IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEYADELDIN METWALLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1814-X-BN |
| | § | |
| SALCOMP, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Deyadeldin Metwalli filed a *pro se* complaint alleging wrongful employment practices, *see* Dkt. No. 3, a complaint that he then amended, *see* Dkt. No. 9.

United States District Judge Brantley Starr referred Metwalli's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, although Defendant Salcomp Manufacturing USA Corp. ("Salcomp") has now answered Metwalli's complaint, the undersigned has reviewed Metwalli's pleadings and other filings in this case and, for the following reasons, recommends that the Court, on its own motion, dismiss Metwalli's claims with prejudice as time barred and deny leave to amend as futile.

**Legal Standards**

Metwalli's paying the statutory filing fee prevents judicial screening under 28 U.S.C. § 1915.

But the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

Considering a dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489,

494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

And "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall., Tex.*, No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (per curiam) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

But pleadings in the Rule 12(b)(6) context include attachments to the

complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

And, "[w]hen an allegation is contradicted by the contents of an exhibit attached to the pleading," "the exhibit and not the allegation controls." *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (cleaned up; quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

"Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies. Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility." *Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) (citations omitted).

And, "[i]f the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

### Analysis

In his initial filing, Metwalli fails to specify when the events underlying his claims occurred. *See* Dkt. No. 3. But he amended that filing on August 4, 2025 and attached to the August 4 amendment a determination from the Texas Workforce Commission ("TWC") that Metwalli characterizes as "TWC work separation investigation and decision that [he] was fired for a reason that it not misconduct." Dkt. No. 9 (cleaned up).

So Metwalli has made the TWC determination part of his pleadings, which allows the Court to consider it under the standards of Rule 12(b)(6). *See Katrina*, 495 F.3d at 205; *Gill*, 941 F.3d at 511; *see also, e.g., Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-cv-4997-D, 2015 WL 1757358, at *2 (N.D. Tex. Apr. 17, 2015) ("Because limitations is an affirmative defense, for [a defendant] to obtain dismissal [under Rule 12(b)(6)'s standards], the successful affirmative defense must appear clearly on the face of the pleadings. Stated another way, the defendant is not entitled to dismissal under [the Rule 12(b)(6) standards] unless the plaintiff has pleaded herself out of court by admitting to all of the elements of the defense." (cleaned up)).

And, whatever support the TWC determination may lend to Metwalli's claims, if any, it also reflects that Metwalli filed his claim with TWC on June 11, 2023 and

that the TWC determination was mailed to Metwalli on July 11, 2023. *See* Dkt. No. 9 at 2. So the TWC determination, made part of the pleadings, raises the reasonable inference that Metwalli left his employment with Salcomp prior to those dates. And, so, as explained below, Metwalli has alleged that his claims as currently pleaded (brought in a lawsuit filed on July 10, 2025) fall outside the applicable statute of limitations and has thus pleaded himself out of court.

First off, it's not clear whether Metwalli alleges wrongful employment claims in the initial complaint just under Title VII of the Civil Rights Act of 1964 or also under Chapter 21 of the Texas Labor Code.

And, in general, "[c]ourts apply the same standards when analyzing claims under Title VII and Chapter 21." *Mott v. Schneider Elec. Sys., USA, Inc.*, No. 4:24-cv-3084, 2025 WL 1549461, at *2 (S.D. Tex. May 30, 2025) (citing *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004)); *cf. Reed v. Neopost USA, Inc.*, 701 F.3d 343, 437 (5th Cir. 2012) (noting that Chapter 21 was formerly known as the Texas Commission on Human Rights Act (the "TCHRA"), a term some courts and parties continue to use).

But different standards can apply when courts consider whether such claims are timely brought, and the takeaway is that Chapter 21 claims can be time barred when their federal analogues are not:

> In Texas, which has a state fair employment agency (the Texas Workforce Commission – "TWC") that has a work-sharing agreement with the EEOC, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 544 (2019). "The time period generally begins to run when the employee receives notice of the

allegedly discriminatory decision, not when the employment actually ceases." *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992). Failure to file a charge with the EEOC and exhaust administrative remedies before filing a Title VII action will result in dismissal. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). The TCHRA also requires a plaintiff to exhaust administrative remedies, and the relevant time period is shorter: 180 days rather than 300. TEX. LAB. CODE § 21.202(a); *see also Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 552-53 (5th Cir. 2020). Filing a charge with the EEOC satisfies the complaint-filing requirement for the TCHRA, but the 180-day time limit under the TCHRA still applies. *Griffin v. City of Dall.*, 26 F.3d 610, 612-13 (5th Cir. 1994); *see also Adams v. DaimlerChrysler Servs. NA LLC*, 252 F. App'x 681, 683 (5th Cir. 2007) (affirming district court's dismissal of TCHRA claims as time-barred when those claims accrued more than 180 days before the plaintiff filed her EEOC charge).

*Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 371 (S.D. Tex. 2023) (cleaned up); *accord Trevino v. Mouser Elecs.*, No. 4:22-cv-610-P, 2023 WL 3984668, at *3 (N.D. Tex. May 11, 2023), *rec. accepted*, 2023 WL 3984840 (N.D. Tex. June 13, 2023).

And, to be clear, the Court should not consider dismissal based on any failure to exhaust by Metwalli. That is because Metwalli's current pleading as amended [Dkt. Nos. 3 & 9] does not mention exhaustion. *But see* Dkt. No. 13-1 (proposed amend. compl.) at 2 ("Plaintiff acknowledges that he did not file a charge of discrimination with the Equal Employment Opportunity Commission … or the Texas Workforce Commission … following his termination.").

But, regardless of whether Metwalli filed an administrative charge or didn't, a plaintiff generally may only bring wrongful-employment-practices claims within 300 days "of the alleged unlawful act." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009).

And Metwalli's pleadings allow for the reasonable inference that he filed this

lawsuit some two years after those practices occurred – especially where the Court may not infer from the pleadings (1) that Metwalli filed an administrative charge timely and (2) that charge's pendency at the agency prevented Metwalli from filing this lawsuit sooner.

But Metwalli has filed a Motion to Excuse Late Filings through which he asserts that he is entitled to equitable tolling because, for instance, "[a]t the time of his termination, [he] was falsely informed by Human Resources that he had violated company policies," when, "[i]n truth, [he] was defending himself against ongoing humiliation, retaliation, and discriminatory treatment," and "[t]his misinformation misled [him] into believing that no legal remedy was available." Dkt. No. 11 at 1; *see also* Dkt. No. 13-1 (possibly also asserting that certain medical conditions that he suffers from prevented the timely filing of this lawsuit).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a [litigant] did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (cleaned up; quoting *Holland*, 560 U.S. at 653).

Metwalli's equitable-tolling assertions neither allow the Court to find that an extraordinary circumstance prevented his filing this lawsuit sooner nor demonstrate a degree of reasonable diligence. For example, how an employer characterizes a termination should not matter where an employee is aware of the underlying facts necessary to file a case. And the Court cannot conclude that Metwalli acted with reasonable diligence where he fails to show how the alleged medical difficulties, supported by documents reflecting that Metwalli has been treated for his conditions since May 2024, *see* Dkt. No. 13-1 at 5, prevented him from pursuing his rights in June or July 2023, *see* Dkt. No. 9 at 2, or reasonably sooner thereafter.

And, because Metwalli may not now timely exhaust the claims asserted in the initial complaint – and those proposed in the amended complaint that require exhaustion – granting leave to amend would be futile, so the Court should deny the motion for leave to amend and dismiss this lawsuit with prejudice. *See, e.g.*, *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 586 n.5 (5th Cir. 2020) ("As the district court explained, '[a] charge filed with the EEOC, more than 180 days after the occurrence of an alleged unlawful employment practice under the [TCHRA], is subject to dismissal as time-barred. *See Adams v. DaimlerChrysler Servs. NA LLC*, 252 F. App'x 681, 683 (5th Cir. 2007).'... Applying the limitation imposed by the TCHRA, the district court concluded that 'all state law claims … must be dismissed as time-barred.' We agree with the district court's analysis." (cleaned up)); *Davis v. ComputerShare Loan Servs.*, No. 4:23-CV-1542, 2023 WL 9005670, at *3 (S.D. Tex. Nov. 8, 2023) ("Plaintiff failed to timely exhaust her administrative remedies with

respect to any claims under the TCHRA/Texas Labor Code. Leave to replead unexhausted claims would be futile and Plaintiff's claims under the TCHRA/Texas Labor Code should be dismissed with prejudice." (citation omitted)), *rec. adopted*, 2023 WL 9007275 (S.D. Tex. Dec. 27, 2023).

As to claims under 42 U.S.C. § 1981 that Metwalli proposes in the amended complaint, Metwalli is correct that Section 1981 claims need not be administratively exhausted. *See* Dkt. No. 13-1 at 2; *see, e.g.*, *Sanders v. Fed. Exp.*, No. 4:24-cv-333-O-BP, 2025 WL 898070, at *7 (N.D. Tex. Mar. 4, 2025), *rec. accepted*, 2025 WL 896455 (N.D. Tex. Mar. 24, 2025).

And his proposed Section 1981 claims also may be timely to the extent that they arise under the 1991 amendment to Section 1981, to which 28 U.S.C. § 1658's four-year statute of limitations applies. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004); *Stelly v. Dep't of Pub. Safety & Corr. La. State*, 149 F.4th 516, 527-28 (5th Cir. 2025); *see, e.g.*, *Strong v. United Petro. Transps., Inc.*, No. 4:22-cv-136-O-BP, 2022 WL 18673258, at *6 (N.D. Tex. Oct. 28, 2022) ("[W]here a plaintiff claims 'hostile work environment, wrongful termination, and failure to transfer,' those claims arise under the 1991 amendment, and the four-year statute of limitations under 28 U.S.C. § 1658 applies." (*Jones*, 541 U.S. at 382-83)), *rec. accepted*, 2023 WL 210976 (N.D. Tex. Jan. 17, 2023).

But the proposed Section 1981 claims are not plausibly pleaded.

In *Comcast Corp. v. National Association of African American-Owned Media*, 589 U.S. 327 (2020), the United States Supreme Court made clear that, under Section

1981, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right," *id.* at 341.

"That means the pleading burden under Section 1981 is higher than under Title VII." *DiBenedetto v. AT&T Servs., Inc.*, 1:21-cv-04527-MHC-RDC, 2022 WL 1682420, at *8 n.7 (N.D. Ga. May 19, 2022) ("Section 1981 unequivocally requires that a plaintiff plead and prove but-for causation, which stands in contrast to Title VII's reduced motivating factor requirement." (citations omitted)); *accord Reyna v. Epiroc Drilling Sols., LLC*, No. 3:23-cv-1005-X, 2025 WL 317568, at *3 n.18 (N.D. Tex. Jan. 28, 2025) ("Notably, as an action laying in tort, section 1981 claims also have a strict but-for causation requirement. By contrast, traditional Title VII lawsuits only require a showing that discriminatory factors played some role in the decision." (citations omitted)).

Even so, "[d]irect or circumstantial evidence may provide plaintiffs with a basis for allegations of racial motivation or animus." *Garibay v. G.T. Sirizzotti, Ltd.*, No. 5:24-CV-0214-JKP-RBF, 2024 WL 4965637, at *4 (W.D. Tex. Dec. 2, 2024) (cleaned up; citing *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017)). That is because, "[a]lthough 'naked allegations' of discriminatory intent are too conclusory to survive a motion to dismiss, discriminatory motive may be – and commonly is – demonstrated by circumstantial evidence." *Body by Cook*, 869 F.3d at 386 (cleaned up). And "[a]n allegation that similarly situated non-minorities received better treatment could create the necessary inference and set the predicate for establishing the section 1981 claim." *Id.* (cleaned up).

- 12 -

But Metwalli fails to offer such allegations in the proposed amended complaint where, other than conclusory assertions that some races were treated more favorably than others, all he alleges is that someone (and at least one someone of another race) did something to him but then fails to offer factual content that could raise a reasonable inference that that something was because of race – or, more appropriately, that, but for his race, that something would not have happened. *See* Dkt. No. 13-1 at 2-3.

So Metwalli offers no nonconclusory factual allegations that allow for a reasonable inference that but for his race he would not have suffered a legal harm. *Cf. Yarborough v. SlashSupport, Inc.*, ___ F.4th ____, No. 24-40421, 2025 WL 2647148, at *3 (5th Cir. Sept. 16, 2025) ("[A]part from feelings of discrimination, there was no evidence that any different treatment was race-based. Feelings are not competent evidence, and the plaintiffs cannot simply rely on the fact that the other employees are not [the same race as them]." (cleaned up)).

And, so, leave to amend remains futile, as Metwalli's proposed allegations remain subject to dismissal under Rule 12(b)(6). *Cf. Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018) ("Where the district court's denial of leave to amend was based solely on futility, [the United States Court of Appeals for the Fifth Circuit] applies a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." (cleaned up)).

## Recommendation

The Court should *sua sponte* dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE